IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AXXIOM MANUFACTURING, INC. § | | |
| Plaintiff § | | |
| § | | |
| v. § | Civil Action No._____ | |
| § | | |
| MCCOY INVESTMENTS, INC. d/b/a § | Jury | |
| FORECAST SALES and § | | |
| RONALD S. ROUGEOU, JR. § | | |
| Defendants § | | |

**PLAINTIFF'S ORIGINAL COMPLAINT**

Comes Now AXXIOM MANUFACTURING, INC., complaining of MCCOY INVESTMENTS, INC. d/b/a FORECAST SALES, INC. and RONALD S. ROUGEOU, JR., and for cause of action respectfully shows as follows:

**PARTIES**

1.  Plaintiff, AXXIOM MANUFACTURING, INC. is a North Carolina corporation with its principal place of business in Fresno, Texas.

2.  Defendant MCCOY INVESTMENTS, INC. (identified herein as "Forecast Sales") is an Indiana corporation doing business as Forecast Sales. Its principal place of business is in Indianapolis, Indiana, and it may be served with process by serving its registered agent for service of process, Steven L. McCoy at 2717 Tobey Dr., Indianapolis, Indiana 46219-1417, or wherever he may be found.

3.  Defendant RONALD S. ROUGEOU, JR. is an individual domiciled in Texas. He may be served with process at 10052 Westpark Drive, Apt. 218, Houston, Texas 77042, or wherever he may be found.

**JURISDICTION and VENUE**

4. This Court has personal jurisdiction over both of the Defendants because they each conduct business in the state of Texas, and each of the defendants has committed acts within the State of Texas that violate the laws of the United States and laws of the State of Texas. The Court also has personal jurisdiction over defendant Ronald S. Rougeou, Jr. because he is a resident of the state of Texas.

5. This Court has subject matter jurisdiction pursuant to 28 U.S.C. § 1331 and § 1338(a) and (b) because Plaintiff's claims arise under the laws of the United States, specifically Plaintiff's claims arise under an Act of Congress relating to trademarks and copyrights which are joined with a claim of unfair competition under the laws of the State of Texas.

6. Venue is proper in the Southern District of Texas pursuant to 28 U.S.C. §§ 1391(b) and 1400 because Defendant Forecast Sales is deemed to reside within the District because it conducts significant business within the boundaries of the Southern District, and because Defendant Ronald S. Rougeou, Jr. resides within the District.

**FACTS**

7. For more than 30 years Axxiom and its predecessors have designed, manufactured, sold and serviced a variety of equipment used in the abrasive blasting industry, including abrasive metering valves and controls, abrasive blasting systems, abrasive and dust recovery systems, compressed air conditioning systems and related products. These products are sold under brand names including "Schmidt," "G2 Deadman," "Thompson Valve," "Thompson Valve II," "MicroValve," "MV," "MV2," and "ComboValve."

8.     Axxiom has spent millions of dollars over the last 30 years on research, product design, testing, improving manufacturing methods, and marketing the Axxiom brands.  As a result, Axxiom has earned the reputation of being the industry leader in innovation and quality, and the worldwide market place has developed a trust for Axxiom products.  Axiom brands, particularly the Schmidt brand, have become widely recognized in the abrasive blasting industry, and are considered to be state-of-the-art, and the standard of the industry.

9.     Axxiom distributes its products directly and through a network of authorized distributors.  As part of its marketing and product support systems, it developed and uses a catalog of part numbers that customers use for ordering Axxiom products.  These part numbers are unique to Axxiom, and are intended to be exclusively associated with Axxiom products, thus assuring that when a customer orders a part from a distributor using an Axxiom part number, the customer is delivered a genuine Axxiom product.

10.    Axxiom is the owner of the copyrighted manual entitled: "Abrasive Blasters 1.5–20 cu. ft. Operation and Maintenance Manual, September 2008".  This manual illustrates and describes products offered for sale by Axxiom correlated with the part numbers associated with each product.

11.    Defendant Forecast Sales is a manufacturer and wholesaler of "aftermarket" abrasive blasting parts and equipment which are patterned after Axxiom products.  These products are distributed under the aptly named "Pirate Brand" parts and equipment.  Defendant Rougeau is the vice president of marketing at Forecast Sales.  Prior to his employment with Forecast Sales, Rougeau was employed by Axxiom as its Customer Sales Coordinator.

12.    The pirate products manufactured and distributed by Forecast Sales are designed to be used as replacements or substitutes for Axxiom products.  In marketing these pirate

products, Forecast uses the identical part numbering system and part numbers used by Axxiom for similar products.

13. As part of this marketing scheme, Defendants have generated catalogs, brochures and manuals with descriptions of the products they manufacture and sell. These printed materials copy Axxiom's copyrighted artwork and layouts in "Abrasive Blasters 1.5–20 cu. ft. Operation and Maintenance Manual, September 2008."

14. Forecast has committed these acts with the intent to deceive consumers and cause confusion in the marketplace as to the actual source and sponsorship of goods. These actions have occurred and are currently occurring within the geographical area covered by the United States District Court for the Southern District of Texas.

15. On information and belief, on at least one occasion a customer has requested a quote or has ordered products or parts using an Axxiom part number, and expecting to receive a genuine Axxiom product, but instead was delivered Defendant's pirated products with no indication to the customer that the parts delivered were not genuine Axxiom products.

16. On information and belief, on at least one occasion a customer purchased a Forecast Sales pirate product using Forecast look-alike sales materials with Axxiom part numbers. This customer thought he had purchased a genuine Axxiom product and complained to Axxiom about the quality of the pirate product, but the product had in fact been manufactured by defendant Forecast Sales.

17. Defendants represent to its customers that their pirate product specifications are equal to or superior to those of like Axxiom products without any proof that such a representation is accurate.

18. Defendant Rougeau was employed by Axxiom from January 2005 until July, 2006 as Axxiom's Customer Sales Coordinator. During the course of his employment with Axxiom, he had access to valuable, proprietary and confidential business information that belonged to Axxiom. This information included customer lists, customer contact information, customer purchasing preferences, pricing information, and distributor contract information known only by Axiom and its respective customers. He also had access to Axxiom manufacturing costs known only to Axxiom. Axxiom had never disclosed this information to its competitors.

19. Rougeau has disclosed this information to Forecast Sales, and the defendants have used Axxiom's proprietary and confidential information to contact Axxiom customers, promote Forecast Sales products, and unfairly compete with Axxiom.

## UNFAIR COMPETITION UNDER 15 U.S.C. § 1125

20. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth below.

21. As described more fully above, Defendants Forecast Sales and Rogueau, in connection with the sale of Forecast products, have used in commerce identical Axxiom part numbers, the look and feel of Axxiom printed materials, and made misrepresentations about the quality of Forecast goods. These acts have caused and are likely to continue to cause confusion, mistake, or deception as to the affiliation, connection, or association of the origin, sponsorship, or approval of its goods by Axxiom.

22. The actions of Defendants constitute Unfair Competition in violation of 15 U.S.C. § 1125(a). Defendants' unfair competition has caused and will continue to cause damage to

Axxiom, and is causing irreparable harm to Axxiom for which there is no adequate remedy at law.

## COPYRIGHT INFRINGEMENT

23. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth below.

24. Axxiom owns a valid copyright to the work entitled "Abrasive Blasters 1.5–20 cu. ft. Operation and Maintenance Manual, September 2008". This Manual was the independent creation of Axxiom, and was created using the expenditure of significant time, talent and energy.

25. This copyrighted work was widely disseminated to the public, and the Defendants had open and easy access to the work. Forecast Sales copied this Manual for its own use and benefit, and Forecast's promotional materials are so similar to the Axxiom Manual as to appropriate its substance and value.

26. The actions of Defendants constitute copyright infringement in violation of 18 U.S.C. § 501. Defendants' acts of infringement have caused and will continue to cause damage to Axxiom, and is causing irreparable harm to Axxiom for which there is no adequate remedy at law.

## UNFAIR BUSINESS PRACTICES UNDER TEXAS LAW

27. Plaintiff incorporates the foregoing paragraphs by reference as if fully set forth below.

28. The actions of Forecast Sales and of Rougeau constitute common law unfair competition and unfair business practices within the meaning of Texas law.

29. As more fully stated above, Axxiom spent extensive time, labor, skill and money in preparing its Manual and associating its part numbers with its products, in preparing customer lists, contact information, and purchasing preferences and so on in marketing its products. Some of this information such as pricing information, customer contact information, distributor contract information, and Axxiom's cost of manufacturing goods was secret and known only to Axxiom. All of this information was valuable to Axxiom and gave it a competitive advantage in the marketplace.

30. Rougeau obtained this confidential and proprietary information while in a position of trust with Axxiom. In violation of this trust he disclosed this information to Forecast Sales.

31. Forecast Sales knew or should have known that this information was confidential and obtained by Rougeau while in a position of trust with Axxiom, nevertheless it encouraged Rougeau to disclose the information. The Defendants are now using this information in competition with Axxiom, thereby gaining a special advantage because they are burdened with little or none of the expense incurred by Axxiom in creating the information.

32. These actions constitute trade secret misappropriation, common law misappropriation, and unjust enrichment under Texas law. As a result of these violations of Texas law, Plaintiff has been injured.

### DAMAGES & INJUNCTIVE RELIEF

33. As a result of Defendants' actions, Plaintiff has suffered actual and consequential damages, however, Plaintiff does not yet know the full extent of the damages caused by these actions and such extent cannot be ascertained except by discovery and special accounting. To the fullest extent permitted under principals of equity and law, including as provided for in § 16.29 of the Texas Business and Commerce Code, Plaintiff seeks injunctive relief enjoining

defendants from continuing their unlawful practices. Plaintiff also seeks recovery of monetary damages, including damages for lost profits, unjust enrichment, and benefits received by the Defendants as a result of their actions, and any other damages to which it may be entitled.

## ATTORNEYS FEES

34. Plaintiff is entitled to recover and hereby request that it recover reasonable and necessary attorneys' fees under applicable law.

## CONDITIONS PRECEDENT

35. All conditions precedent to Plaintiff's right to recover as requested herein have occurred or been satisfied.

## JURY DEMAND

36. Plaintiff demands a trial by jury pursuant to Fed. R. Civ. P. 38.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Plaintiff asks that Defendant be cited to appear and answer and, on final trial, that Plaintiff have judgment against Defendant for the following:

a. An order pursuant to 15 U.S.C. § 1118 to deliver up for destruction all containers, labels, signs, prints, packages, wrappers, receptacles, advertising, promotional material or the like in possession, custody or under the control of Defendants bearing indicia of any kind in violation of 15 U.S.C. § 1125(a);

b. Costs and attorneys' fees under 18 U.S.C . §501, or in the alternative that the Court declare this to be an exceptional case and award Axxiom its full costs and reasonable attorneys' fees pursuant to 15 U.S.C. § 1117;

c. Any other remedy to which it may be entitled as provided for in 15 U.S.C. §§ 1116 and 1117, 18 U.S.C. §§502, 503, 504 and 505, and under state law;

d. Actual economic damages;

e.	Exemplary damages as allowed by law;

f.	Preliminary and permanent injunction;

g.	Pre-judgment and post-judgment interest as allowed by law; and

h.	All other relief in law or in equity to which Plaintiff may show itself justly entitled.

Respectfully submitted,

 /s/   *W. Shawn Staples*
W. Shawn Staples
TBN 00788457 ▪ S.D.Tex. No. 17122
The Mostyn Law Firm
3810 W. Alabama St. ▪ Houston, Texas 77027
Tel: 713-861-6616 ▪ Fax: 713-861-8084
Email: wsstaples@mostynlaw.com

Attorney for Plaintiff, Axxiom Manufacturing, Inc.