**IN THE UNITED STATES DISTRICT COURT**
**FOR THE SOUTHERN DISTRICT OF TEXAS**
**HOUSTON DIVISION**

| | | |
|---|---|---|
| AXXIOM MANUFACTURING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3735 |
| | § | |
| MCCOY INVESTMENTS, INC., *et al.*, | § | |
| | § | |
| Defendants. | § | |

**MEMORANDUM AND OPINION**

Axxiom Manufacturing, Inc. sued McCoy Investments, Inc. d/b/a/ Forecast Sales ("Forecast") and Ronald S. Rougeou, Jr., alleging infringement of a federal copyright, unfair business practices under the Lanham Act, and unfair business practices under Texas law. The defendants moved under Rule 12(b)(1) of the Federal Rules of Civil Procedure to dismiss the copyright claim for lack of subject-matter jurisdiction and under Rule 12(b)(6) to dismiss the copyright, Lanham Act, and Texas claims for failure to state a claim. (Docket Entry No. 5). The plaintiff has responded, (Docket Entry No. 10), and the parties have exchanged replies and surreplies, (Docket Entry Nos. 11, 20, 21, 23, and 25).[1] For the reasons explained below, the motion to dismiss for lack of subject-matter jurisdiction is denied. The motion to dismiss for failure to state a claim is denied in part; to the limited extent it is granted, leave to amend is given.

---

[1]   The defendants' motion for leave to supplement reply to response to motion to dismiss, (Docket Entry No. 12), motion for leave to file a short reply to Axxiom's responses to the motion to dismiss, (Docket Entry No. 23), and motion for leave to file a short response to the plaintiff's letter brief, (Docket Entry No. 25), are granted.

## I.      Background

In the original complaint, Axxiom alleges that it designs, manufactures, and sells abrasive blasting equipment using a sales catalog that is protected by a federal copyright.  Axxiom alleges that Forecast manufactures and sells aftermarket abrasive blasting equipment and parts that are patterned after Axxiom's products and are designed to be used as replacements or substitutes for Axxiom products.  Axxiom alleges that Forecast has produced catalogs that infringe on the copyrighted artwork and layouts in the Axxiom September 2008 operation and maintenance manual and that Forecast markets its products using the same part-numbering system and part numbers that Axxiom uses for similar products.  According to Axxiom, the result is to mislead consumers as to the origin or sponsorship of the Forecast products.  Rougeou is sued because he worked as Axxiom's customer sales coordinator before he went to work for Forecast as its vice-president of marketing and, according to Axxiom, disclosed its confidential and proprietary business information to Forecast.  Axxiom alleges that Forecast has used that information to compete unfairly.

Axxiom alleges copyright infringement in Forecast's copying and use of the September 2008 manual in its own promotional materials, in violation of 18 U.S.C. § 501.  (Docket Entry No. 1 ¶¶ 24–26).  Axxiom also alleges unfair competition under 15 U.S.C. § 1125 through Forecast's use of "identical Axxiom part numbers, the look and feel of Axxiom printed materials, and [] misrepresentations about the quality of Forecast goods," which "cause confusion, mistake, or deception as to the affiliation, connection, or association of the origin, sponsorship, or approval of its goods by Axxiom."  (*Id.* ¶ 21).  Finally, Axxiom alleges that Forecast's use of the confidential and proprietary information Rougeou obtained, including pricing information, customer contact information, distributor contact information, and Axxiom's costs of manufacturing goods, amounts

to unfair business practices under Texas law.  Axxiom pleads Texas causes of action for misappropriation of trade secrets and unjust enrichment.  (*Id.* ¶¶ 27–32).

The defendants move to dismiss the copyright claim for lack of subject-matter jurisdiction and all the claims for failure to state a claim.

## II.    Subject-Matter Jurisdiction

Federal Rule of Civil Procedure 12(b)(1) governs challenges to a court's subject-matter jurisdiction.  "A case is properly dismissed for lack of subject-matter jurisdiction when the court lacks the statutory or constitutional power to adjudicate the case."  *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998) (quoting *Nowak v. Ironworkers Local 6 Pension Fund*, 81 F.3d 1182, 1187 (2d Cir. 1996)).  "Courts may dismiss for lack of subject-matter jurisdiction on any one of three different bases: (1) the complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts."  *Clark v. Tarrant County*, 798 F.2d 736, 741 (5th Cir. 1986) (citing *Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir. 1981)).  The plaintiff bears the burden of demonstrating that subject-matter jurisdiction exists.  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981).  When examining a factual challenge to subject-matter jurisdiction under Rule 12(b)(1) that does not implicate the merits of plaintiff's cause of action, the district court has substantial authority "to weigh the evidence and satisfy itself as to the existence of its power to hear the case."  *Garcia v. Copenhaver, Bell & Assocs.*, 104 F.3d 1256, 1261 (11th Cir. 1997) (quoting *Lawrence v. Dunbar*, 919 F.2d 1525, 1529 (11th Cir. 1990)); *see also Clark*, 798 F.2d at 741.  Accordingly, the court may consider matters outside the pleadings, such as testimony and affidavits.  *See Garcia*, 104 F.3d at 1261.

3

Section 411(a) of the Copyright Act provides that no infringement action may be instituted until either the copyright is registered or the Copyright Office has refused to register the copyright. As a result, according to the defendants, a federal court lacks subject-matter jurisdiction to entertain a copyright infringement claim unless the disputed copyright is registered before the infringement action is filed.

A copyright owner may sue for infringement, subject to the requirements of § 411 of the Copyright Act. *Id.* § 501(b). With limited exceptions, the Copyright Act requires copyright holders to register their works before suing for copyright infringement. *Id.* § 411(a).[2] In its recent decision in *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237 (2010), the Supreme Court considered whether § 411(a) deprived a federal court of subject-matter jurisdiction to adjudicate a copyright infringement claim involving unregistered works. The Court held that "Section 411(a)'s registration requirement is a precondition to filing a claim that does not restrict a federal court's subject-matter jurisdiction." *Id.* at 1241. In reaching its decision, the Court applied the approach used in *Arbaugh v. Y & H Corp.*, 546 U.S. 500, 515–16 (2006), to distinguish jurisdictional conditions from elements of a claim or claim-processing requirements. The Court noted that § 411(a) does not "clearly state[ ]" that its registration requirement is jurisdictional. *Reed Elsevier*, 130 S. Ct. at 1245. In addition, the Court noted that § 411(a)'s registration requirement is located in a separate provision from those granting federal courts subject-matter jurisdiction over copyright claims. *Id.* at 1245–46. Federal

---

[2]   These exceptions include "where the work is not a U.S. work, where the infringement claim concerns rights of attribution and integrity under § 106A, or where the holder attempted to register the work and registration was refused." *Reed Elsevier, Inc. v. Muchnick*, 130 S. Ct. 1237, 1246 (2010). Additionally, § 411(c) allows courts to adjudicate infringement actions involving certain types of unregistered works where the author "declare[s] an intention to secure copyright in the work" and "makes registration for the work, if required by subsection (a), within three months after [the work's] first transmission." 17 U.S.C. §§ 411(c)(1)–(2).

4

courts have subject-matter jurisdiction over copyright infringement claims under 28 U.S.C. § 1331 and § 1338.[3]  *Id*. at 1246.  Neither section conditions jurisdiction on whether a copyright holder has registered the work before suing for infringement.  *Id*.  Finally, the Court noted that no other factor suggests that § 411(a)'s registration requirement can be read to "speak in jurisdictional terms or refer in any way to the jurisdiction of the district courts."  *Id*. (citation omitted).  Under *Reed Elsevier*, even if a plaintiff files a claim for copyright infringement without satisfying the § 411(a) registration requirement, a federal district court has jurisdiction over the claim.

This opinion defeats the defendants' argument that this court lacks subject-matter jurisdiction over Axxiom's copyright infringement claim.  The motion to dismiss for lack of subject-matter jurisdiction is denied.

## III.    Failure to State a Claim

### A.    The Legal Standard under Rule 12(b)(6)

Rule 12(b)(6) allows dismissal if a plaintiff fails "to state a claim upon which relief can be granted."  FED. R. CIV. P. 12(b)(6).  In *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007), the Supreme Court confirmed that Rule 12(b)(6) must be read in conjunction with Rule 8(a), which requires "a short and plain statement of the claim showing that the pleader is entitled to relief."  FED. R. CIV. P. 8(a)(2).  To withstand a Rule 12(b)(6) motion, a complaint must contain "enough facts to state a claim to relief that is plausible on its face."  *Twombly*, 550 U.S. at 570; *see also Elsensohn v. St. Tammany Parish Sheriff's Office*, 530 F.3d 368, 372 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 570).

---

[3]   Federal law confers "original jurisdiction of any civil action arising under any Act of Congress relating to . . . copyrights" on United States district courts.  28 U.S.C. § 1338(a).  Such jurisdiction is exclusive.  *Id.*

In *Ashcroft v. Iqbal*, --- U.S. ----, 129 S. Ct. 1937 (2009), the Supreme Court elaborated on the pleading standards discussed in *Twombly*. The Court explained that "the pleading standard Rule 8 announces does not require 'detailed factual allegations,' but it demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Id.* at 1949 (citing *Twombly*, 550 U.S. at 555). With respect to the "plausibility" standard described in *Twombly*, *Iqbal* explained that "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* (citing *Twombly*, 550 U.S. at 556). The *Iqbal* Court noted that "[t]he plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (citing *Twombly*, 550 U.S. at 556).

"To survive a Rule 12(b)(6) motion to dismiss, a complaint 'does not need detailed factual allegations,' but must provide the plaintiff's grounds for entitlement to relief—including factual allegations that when assumed to be true 'raise a right to relief above the speculative level.'" *Cuvillier v. Taylor*, 503 F.3d 397, 401 (5th Cir. 2007) (quoting *Twombly*, 550 U.S. at 555); *see also S. Scrap Material Co. v. ABC Ins. Co.* (*In re S. Scrap Material Co.*), 541 F.3d 584, 587 (5th Cir. 2008) (quoting *Twombly*, 550 U.S. at 555), *cert. denied*, 129 S. Ct. 1669 (2009). "Conversely, 'when the allegations in a complaint, however true, could not raise a claim of entitlement to relief, this basic deficiency should . . . be exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Cuvillier*, 503 F.3d at 401 (omission in original) (quotation marks omitted) (quoting *Twombly*, 550 U.S. at 558).

When a plaintiff's complaint fails to state a claim, the court should generally give the plaintiff at least one chance to amend the complaint under Rule 15(a) before dismissing the action with prejudice. *See Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305,

329 (5th Cir. 2002) ("[D]istrict courts often afford plaintiffs at least one opportunity to cure pleading deficiencies before dismissing a case, unless it is clear that the defects are incurable or the plaintiffs advise the court that they are unwilling or unable to amend in a manner that will avoid dismissal."); *see also United States ex rel. Adrian v. Regents of the Univ. of Cal.*, 363 F.3d 398, 403 (5th Cir. 2004) ("Leave to amend should be freely given, and outright refusal to grant leave to amend without a justification . . . is considered an abuse of discretion." (internal citation omitted)).  However, a plaintiff should be denied leave to amend a complaint if the court determines that "the proposed change clearly is frivolous or advances a claim or defense that is legally insufficient on its face . . . ." 6 CHARLES ALAN WRIGHT, ARTHUR R. MILLER & MARY KAY KANE, FEDERAL PRACTICE AND PROCEDURE § 1487 (2d ed. 1990); *see also Ayers v. Johnson*, 247 F. App'x 534, 535 (5th Cir. 2007) (per curiam) (unpublished) ("[A] district court acts within its discretion when dismissing a motion to amend that is frivolous or futile." (quoting *Martin's Herend Imports, Inc. v. Diamond & Gem Trading U.S. of Am. Co.*, 195 F.3d 765, 771 (5th Cir. 1999))).

In considering a motion to dismiss for failure to state a claim, a district court must limit itself to the contents of the pleadings, but that includes attachments thereto.  "Documents that a defendant attaches to a motion to dismiss are considered part of the pleadings if they are referred to in the plaintiff's complaint and are central to her claim." *Venture Assocs. Corp. v. Zenith Data Sys. Corp.*, 987 F.2d 429, 431 (7th Cir. 1993); *see also In re Katrina Canal Breaches Litig.*, 495 F.3d 191, 205 (5th Cir. 2007); *Collins v. Morgan Stanley Dean Witter*, 224 F.3d 496, 498–99 (5th Cir. 2000); *Field v. Trump*, 850 F.2d 938, 949 (2d Cir. 1998); *Branch v. Tunnell*, 14 F.3d 449, 453–54 (9th Cir. 1994), *overruled on other grounds by Galbraith v. County of Santa Clara*, 307 F.3d 1119 (9th Cir. 2002). In so attaching, the defendant merely assists the plaintiff in establishing the basis of the suit and the court in making the determination of whether a claim has been stated.

B.     **Copyright Infringement**

       *i.     Failure to Allege Registration*

As noted, with limited exceptions, the Copyright Act requires copyright holders to register their works before suing for copyright infringement.  17 U.S.C. § 411(a).  Although this is not jurisdictional, Forecast argues that Axxiom's copyright infringement claim should be dismissed because the complaint does not allege a registered copyright or a pending application.  The Supreme Court declined to address in *Reed Elsevier* whether § 411(a)'s registration requirement is a precondition to suit that district courts may or should enforce on their own.  *Id.* at 1249.  Nor did *Reed Elsevier* address the effect of a plaintiff's failure to allege registration in the complaint.

In the Fifth Circuit, the registration requirement in § 411(a) is met when "the Copyright Office actually receive[s] the application, deposit, and fee before a plaintiff files an infringement action."  *Positive Black Talk Inc. v. Cash Money Records, Inc.*, 394 F.3d 357, 365 (5th Cir. 2004), *abrogated on other grounds by Reed Elsevier*, 130 S. Ct. 1237.  The plaintiff need not obtain a certificate of registration before filing suit, as is required in some other circuits.  *Id.*

To the extent Forecast argues that Axxiom failed to plead that it met the § 411 requirement as applied in this circuit, Axxiom is granted leave to amend by **July 9, 2010** to address that asserted pleading deficiency.  To the extent Forecast argues that evidence will show that the Copyright Office did not in fact receive Axxiom's application, deposit, and fee before this infringement suit was filed, resolution of that question requires reference to matters outside the pleadings that this court cannot consider unless it converts the Rule 12(b)(6) motion to dismiss into a Rule 56 summary judgment motion.  The motion to dismiss the copyright infringement claim under Rule 12(b)(6) is converted to a summary judgment motion under Rule 56.  The parties may supplement the record by **August 20, 2010**.

ii.     *Lack of Substantial Similarity*

"To prove copyright infringement, a plaintiff must show ownership of a valid copyright and actionable copying." *Galiano v. Harrah's Operating Co.*, 416 F.3d 411, 414 (5th Cir. 2005); *see Feist Publ'ns, Inc. v. Rural Tel. Serv. Co.*, 499 U.S. 340, 361 (1991). "A plaintiff bringing a claim for copyright infringement must demonstrate '(1) ownership of a valid copyright, and (2) copying of constituent elements of the work that are original.'" *Funky Films, Inc. v. Time Warner Entm't Co.*, 462 F.3d 1072, 1076 (9th Cir. 2006) (quoting *Feist*, 499 U.S. at 361). When, as here, there is no direct evidence of copying, the second element requires the plaintiff to prove that the defendants had access to the plaintiff's copyrighted work and that there is substantial similarity of protected elements between the two works. *See Rice v. Fox Broad. Co.*, 330 F.3d 1170, 1174 (9th Cir. 2003). "Substantial similarity" may often be decided as a matter of law, on either a motion to dismiss or on summary judgment. *See, e.g.*, *Tabachnik v. Dorsey*, 257 F. App'x 409, 410 (2d Cir. 2007) (unpublished) (Rule 12(b)(6)); *Grosso v. Miramax Film Corp.*, 383 F.3d 965, 967 (9th Cir. 2004) (Rule 56); *Burt v. Time Warner, Inc.*, 213 F.3d 641, 2000 WL 328117, at *2 (9th Cir. Mar. 24, 2000) (Rule 12(b)(6)); *Williams v. Crichton*, 84 F.3d 581, 587 (2d Cir. 1996) (Rule 56).

A court must compare the copyrighted work and the accused work to decide whether there is substantial similarity between the protectable elements in the works. *See Williams*, 84 F.3d at 588. A court must distinguish between the protectable and unprotectable material because a party claiming infringement may place "'*no* reliance upon any similarity in expression resulting from' unprotectable elements." *Apple Computer, Inc. v. Microsoft Corp.*, 35 F.3d 1435, 1446 (9th Cir. 1994) (quoting *Aliotti v. R. Dakin & Co.*, 831 F.2d 898, 901 (9th Cir. 1987)). Copyright law does not protect an idea, but only "the expression of an idea." *Williams*, 84 F.3d at 587 (citations omitted). The issue is whether there is substantial similarity between the protectable elements of

9

Axxiom's copyrighted catalog and the defendants' manual.  *See id.*

The defendants did not attach any documents to their motion to dismiss.  In its response to the motion to dismiss, Axxiom produced the cover page and page 69 from its September 2008 manual, as well as page 39 from the defendants' "SPH/SPR Series Blasters – User Manual." (Docket Entry No. 10, Exs. 1 and 2).  In the reply to the response, the defendants attached the cover page of its User's Manual 3.5/6.5 – SPH/SPR Series Blasters."  (Docket Entry No. 11, Ex. 1).  The defendants assert that the pages are sufficiently dissimilar in color, fonts, part number prefixes, number of drawings, shading, exploded parts, format, placement, descriptions, use of photographs, trademarks, and copyright notice as to defeat any claim of substantial similarity.  The defendants also argue that any similarity in the exploded-view line drawings of the valves is explained by the fact that the valves are inevitably similar and that the "merger" doctrine applies.  "The doctrine holds that when an expression of an idea is inseparable from the idea itself, the expression and idea merge."  *Kern River Gas Transmission Co. v. Coastal Corp.*, 899 F.2d 1458, 1463 (5th Cir. 1990). Their argument is that because the "idea" of a valve and the "expression" of a valve are inseparable, copying the "expression" is not barred.  Axxiom objects to the defendants' reply to the response as raising new matters and evidence after the motion to dismiss was filed.

The defendants attached documents to the reply to the response to the motion to dismiss, not to the motion to dismiss.  Given the procedural posture of the case, the absence of a substantive response to the substantial similarity arguments, and the lack of  analysis of the role the similar part numbers plays in the copyright infringement claim, this court converts the Rule 12(b)(6) motion to dismiss the copyright infringement claim on the basis of lack of substantial similarity to a Rule 56 summary judgment motion.  The parties may supplement the record by **August 20, 2010**.

10

### C.     Unfair Competition

Axxiom alleges that the defendants violated federal and state law by using identical part numbers for the corresponding parts, by copying the "look and feel" of Axxiom's printed materials, and by making misrepresentations about the quality of the defendants' goods.  (Docket Entry No. 1 ¶ 21).  Axxiom asserts unfair competition under § 43(a) of the Lanham Act; common-law unfair competition (under Texas law); and common-law misappropriation (under Texas law).

Section 43(a) of the Lanham Act, codified at 15 U.S.C. § 1125, provides in part:

> Any person who, on or in connection with any goods or services, or any container for goods, uses in commerce any word, term, name, symbol, or device, or any combination thereof, or any false designation of origin, false or misleading description of fact, or false or misleading representation of fact, which-
>
> > (A) is likely to cause confusion, or to cause mistake, or to deceive as to the affiliation, connection, or association of such person with another person, or as to the origin, sponsorship, or approval of his or her goods, services, or commercial activities by another person, or
> >
> > (B) in commercial advertising or promotion, misrepresents the nature, characteristics, qualities, or geographic origin of his or her or another person's goods, services, or commercial activities,
>
> shall be liable in a civil action by any person who believes that he or she is or is likely to be damaged by such act.

15 U.S.C. § 1125(a)(1).  Courts have interpreted this section of the Lanham Act as providing "protection against a 'myriad of deceptive commercial practices,' including false advertising or promotion."  *Pizza Hut, Inc. v. Papa John's Int'l, Inc.*, 227 F.3d 489, 495 (5th Cir. 2000) (quoting *Seven-Up Co. v. Coca-Cola Co.*, 86 F.3d 1379, 1387 (5th Cir. 1996)).

To recover under the Lanham Act for false representation, a plaintiff must prove the following elements: "(1) [a] false or misleading statement of fact about a product; (2) [s]uch

statement either deceived, or had the capacity to deceive a substantial segment of potential consumers; (3) [t]he deception is material, in that it is likely to influence the consumer's purchasing decision; (4) [t]he product is in interstate commerce; and (5) [t]he plaintiff has been or is likely to be injured as a result of the statement at issue." *Id.* There are two types of actionable statements for Lanham Act purposes: statements that are literally false and statements that, while not literally false, implicitly convey a false impression or are misleading and likely to deceive consumers. *Id.* "If the statement is shown to be misleading, the plaintiff must also produce evidence of the statement's impact on consumers, referred to as 'materiality.'" *Healthpoint, Ltd. v. River's Edge Pharms., L.L.C.*, No. SA-03-CV-984-RF, 2005 WL 356839, at *3 (W.D. Tex. Feb. 14, 2005).

Under Texas law, unfair competition "is the umbrella for all statutory and nonstatutory causes of action arising out of business conduct which is contrary to honest practice in industrial or commercial matters." *Taylor Publ'g Co. v. Jostens, Inc.*, 216 F.3d 465, 486 (5th Cir. 2000). The category of unfair competition includes trademark infringement, dilution of good will, misappropriation of business value, "palming off," and theft of trade secrets. *Healthpoint v. Allen Pharms., LLC*, No. SA-07-CA-0526-XR, 2008 WL 728333, at *3 (W.D. Tex. Mar. 18, 2008). "The tort requires that the plaintiff show an illegal act by the defendant that interfered with the plaintiff's ability to conduct its business." *Id.* (citing *Taylor Publ'g*, 216 F.3d at 486). "Although the illegal act need not necessarily violate criminal law, it must at least be an independent tort." *Id.* As in *Healthpoint v. River's Edge*, because Axxiom's allegations in support of its unfair competition claim are essentially the same as those in support of its false advertising claim, the court construes the complaint as alleging a primary tort of false advertising with a dependent or supplemental claim for unfair competition. The unfair competition claim is dependent on the false advertising claim. *See River's Edge Pharms., L.L.C.*, No. SA-03-CV-984-RF, 2005 WL 356839, at *4; *see also*

12

*Healthpoint, Ltd. v. Ethex Corp.*, No. SA-01-CA-646-OG, 2004 WL 2359420, at *9 (W.D. Tex. July 14, 2004) ("Healthpoint's allegations in support of its claim of common law unfair competition are those also alleged for false advertising in violation of the Lanham Act.  Accordingly, the claim for common law unfair competition will be analyzed under the elements of the claim of false advertising in violation of the Lanham Act." (footnote omitted)).   Absent an argument that there are differences between the federal and state versions of unfair competition claims, courts in the Fifth Circuit analyze these claims together.  *See King v. Ames*, 179 F.3d 370, 374 (5th Cir. 1999).

The defendants ask this court to find under Rule 12(b)(6) that based on the exhibits the defendants attached to their reply to Axxiom's response to the motion to dismiss, there was as a matter of law no likelihood of confusion.  (Docket Entry No. 11 at 14).  This argument is more appropriately addressed in a motion for summary judgment, not in a motion to dismiss.  The motion to dismiss on this basis is denied.

To the extent the defendants move to dismiss the allegations of misrepresentations, however, that motion is granted, with leave to amend.  Axxiom's complaint does not provide any information about the misrepresentations it alleges the defendants made about the quality of their goods.  The allegation is simply a conclusory statement that misrepresentations were made.  Although the Fifth Circuit has not held that a heightened pleading standard under Rule 9 applies to allegations of false statements in an unfair competition claim, there must be some factual allegation about what the alleged misrepresentation was.  In *Mylan Laboratories, Inc. v. Matkari*, 7 F.3d 1130, 1138 (4th Cir. 1993), the Fourth Circuit concluded that the plaintiff sufficiently stated a false advertising claim by alleging that the defendant "falsely represented" that its product was "bioequivalent to its innovator counterpart and other approved generic equivalents," that the product was "entitled to an AB rating" from the FDA, or that the product was the "generic alternative" to the innovator drug.  The court

13

held that "[i]n order to state a proper claim for relief under § 43(a) of the Lanham Act, Mylan was required to point to *some* claim or representation that is reasonably clear from the face of the defendants' advertising or package inserts." *Id.* at 1139; *see also Solvay Pharms., Inc. v. Global Pharms.*, 298 F. Supp. 2d 880, 886 (D. Minn. 2004) ("The Complaint asserts that Defendants have made false and misleading representations in advertising and marketing regarding the substitutability of Lipram for Creon. These assertions of false and misleading representations are sufficiently particularized to facilitate Defendants' ability to respond to and prepare a defense to the allegations brought against them."). In the present case, the allegation that the defendants violated the Lanham Act by making misrepresentations that their "product specifications are equal to or superior to those of like Axxiom products," (Docket Entry No. 1 ¶ 17), is insufficient. This allegation is dismissed, with leave to amend no later than **July 9, 2010**.

The defendants have also moved to dismiss the Texas unfair business practices claims on the basis that they are preempted by the federal Copyright Act, § 17 U.S.C. § 301(a). The defendants argue that Axxiom's complaint is limited to the wrongful copying of the Axxiom catalog. (Docket Entry No. 11 at 18). Axxiom has not, however, limited its complaint to wrongful copying of the catalog. Instead, Axxiom alleges that the defendants used Axxiom part numbers for similar competing products, as well as Axxiom's confidential and proprietary information, to obtain an unfair competitive advantage. The motion to dismiss the Texas unfair competition and business practices claim on the basis of preemption under the Copyright Act is denied.

## III.    Conclusion

The defendants' motion to dismiss for lack of subject-matter jurisdiction under Rule 12(b)(1) is denied. The defendants' motion to dismiss under Rule 12(b)(6) is granted in part, with leave to amend by **July 9, 2010**. The motion to dismiss the remaining claims under Rule 12(b)(6) is

14

converted to a summary judgment motion under Rule 56.  The parties may supplement the record

by **August 20, 2010**.

SIGNED on June 21, 2010, at Houston, Texas.

Lee H. Rosenthal
United States District Judge

15