IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| AXXIOM MANUFACTURING, INC., | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-09-3735 |
| | § | |
| MCCOY INVESTMENTS, INC. d/b/a | § | |
| FORECAST SALES, | § | |
| | § | |
| Defendant. | § | |

**ORDER**

Axxiom Manufacturing, Inc. has sued McCoy Investments, Inc. d/b/a Forecast Sales ("Forecast"), alleging copyright infringement, in violation of 18 U.S.C. § 501; unfair competition, in violation of the Lanham Act, 15 U.S.C. § 1125; and unfair business practices under Texas law. (Docket Entry No. 27). The court granted summary judgment for Forecast on the copyright-infringement claims. (Docket Entry No. 102). At a hearing, Axxiom clarified that it no longer sought to proceed on the state-law claims. (Docket Entry No. 104). The Lanham Act claim is the only one that remains.

Immediately after the hearing, Forecast moved to dismiss the Lanham Act claim. According to Forecast, Axxiom's Lanham Act claim overlaps completely with its now-dismissed copyright-infringement claims and is therefore preempted by the Copyright Act. (Docket Entry No. 103). Forecast previously made a similar argument in moving to dismiss the state-law claims that were then pending. In response, the court ruled as follows:

> The defendants have also moved to dismiss the Texas unfair business practices claims on the basis that they are preempted by the federal Copyright Act, § 17 U.S.C. § 301(a). The defendants argue that

> Axxiom's complaint is limited to the wrongful copying of the Axxiom catalog. (Docket Entry No. 11 at 18). Axxiom has not, however, limited its complaint to wrongful copying of the catalog. Instead, Axxiom alleges that the defendants used Axxiom part numbers for similar competing products, as well as Axxiom's confidential and proprietary information, to obtain an unfair competitive advantage. The motion to dismiss the Texas unfair competition and business practices claim on the basis of preemption under the Copyright Act is denied.

(Docket Entry No. 26, at 14). The same result applies to Forecast's present argument. Axxiom's Lanham Act claim is not limited to, or primarily based on, wrongful copying of Forecast's manual. Instead, the focus appears to be on the contention that Forecast, by using Axxiom's part numbers and drawings to describe corresponding Forecast parts, intends "to confuse customers and trade on Axxiom's reputation and good will," and that intention is the result. (Docket Entry No. 27, ¶ 30; *see also id.*, ¶ 32). This argument does not depend on copyright protection for the part numbers or drawings. Additionally, Axxiom has supplemented the basis for its Lanham Act claim by alleging two specific representations made by Forecast that "have the capacity to deceive a substantial segment of potential consumers, and [] are likely to influence a consumer's purchasing decision." (*Id.*, ¶ 33). These claims do not overlap with the now-dismissed copyright infringement claims and are not preempted by the Copyright Act. Forecast's motion to dismiss, (Docket Entry No. 103), is denied.

SIGNED on February 3, 2012, at Houston, Texas.

Lee H. Rosenthal
United States District Judge